IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven L. Mullinax, | C/A No. 0:17-2393-BHH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| K. White, *Medical Director*; L. Blackwell, *Srgnt. Kitchen Supervisor*; Medical Staff of Spartanburg County Detention Center; Kitchen Staff of Spntbg County Detention Center, | |
| Defendants. | |

The plaintiff, Steven L. Mullinax, a self-represented state pretrial detainee, brings this civil rights action against the defendants. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915 & § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Procedural Background**

Plaintiff alleges that on February 19, 2017, he was served a corn dog at the Spartanburg County Detention Center, and when he bit into the corn dog he bit a stick that was left in it, which caused his "upper and lower teeth to break to the gum line." (ECF No. 1 at 1.) Plaintiff also alleges he informed unnamed staff members about his injury as early as March 3 but did not receive treatment until March 18, at which time his gumlines had become infected. He further claims he did not see a dentist until three months later. Plaintiff claims his Eighth and Fourteenth Amendment

rights have been violated by the defendants who were "at fault." He asks for his health care needs to be met by professionals and specialists rather than nurses, and he seeks damages.

## II.  Discussion

### A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter,

accepted as true, to state a claim that is plausible on its face.[1] Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff does not expressly state that he brings his claims pursuant to § 1983, but the

---

[1] Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

essence of his allegations is that the defendants violated his civil rights under color of state law. Therefore, in accordance with the court's duty to liberally construe *pro se* complaints, see Erickson, 551 U.S. at 94, the court construes Plaintiff's Complaint as asserting a claim pursuant to § 1983 that the defendants violated his Fourteenth Amendment right to due process.[2]

However, the court finds Plaintiff's Complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) because it fails to state a claim upon which relief can be granted. As to Defendants White and Blackwell, Plaintiff fails to allege any specific facts that would plausibly show these defendants were personally involved in any deprivation of Plaintiff's rights. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (stating § 1983 requires personal involvement of the defendants). At most, Plaintiff states generally that he believes "the Defendants to be at fault." However, such conclusory allegations are not sufficient to plead a plausible claim for relief. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

As to the defendants identified as the "medical staff" and "kitchen staff" of the Spartanburg County Detention Center, such groups of people are not considered "persons" that are amenable to suit under § 1983 because they are not individuals or a corporate or political entity. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see, e.g., Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."). Therefore, Plaintiff also fails to state a claim upon which relief can be granted against this set of defendants.

---

[2] Claims of pretrial detainees against detention center officials regarding conditions of confinement are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).

PJG

**III.	Conclusion**

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.[3]

September 28, 2017  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

---

[3] The court notes that Rule 15 of the Federal Rules of Civil Procedure allows for amendments to pleadings where the original pleading is defective. See Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010) (holding a plaintiff may amend his pleading to add a party without the leave of court where the plaintiff has not yet amended as a matter of right, and the defendant has not filed a responsive pleading).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).